_____FILED _____ENTERED
_____LODGED_____RECEIVED

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

NOV 1 5 1999

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

TAUNTON WELSH                      :

                              :

v.                                 :    Civil Action No. WMN-95-2399

                              :

STATE OF MARYLAND                  :
et al.                             :

### MEMORANDUM

This action relates to Plaintiff's efforts to obtain a private detective agency license from Defendant Maryland State Police. The dispute has had a long and tortured journey through this Court, the state court, and a state administrative agency. The above captioned action was filed in this Court on or about August 15, 1995. At that point in time, the State Police had denied Plaintiff's application and Plaintiff had appealed that decision to the Circuit Court for Baltimore County. On June 18, 1996, this Court stayed this action pending the resolution of the proceeding in the state court.

In January 1998, the Circuit Court for Baltimore County remanded the action for a hearing before an Administrative Law Judge. On August 7, 1998, Administrative Law Judge Mae Catherine Reeves issued a Proposed Decision and Order denying Plaintiff's application. When Plaintiff learned of that decision, he moved to reopen this action. He also appealed that decision to the Circuit Court for Baltimore County, however. This Court granted



the motion to reopen on December 11, 1998.[1]  On April 2, 1999,
Plaintiff, now represented by counsel, filed an Amended
Complaint.[2]

Defendants have now filed a motion to dismiss, or in the
alternative, for summary judgment.  Paper No. 30.  Defendants,
citing Younger v. Harris, 410 U.S. 37 (1971), argue that this
Court must again defer to the ongoing state court proceeding.
Although it is with some reluctance, the Court concludes that it
must grant the motion.

"Younger v. Harris, [401 U.S. 37 (1971)], and its progeny
espouse a strong federal policy against federal-court
interference with pending state judicial proceedings absent
extraordinary circumstances."  Middlesex County Ethics Committee
v. Garden State Bar Ass'n, 457 U.S. 423, 430 (1982).  In Younger
the Supreme Court recognized, based primarily on principles of
comity, that "there are some classes of cases in which the
withholding of authorized equitable relief because of undue
interference with state proceedings is 'the normal thing to do.'"
New Orleans Public Service, Inc. v. New Orleans, 491 U.S. 350,

---

[1] When the Court granted the motion to reopen, it was not
apparent from the record that Plaintiff had filed an appeal of
the Administrative Judge's decision.

[2] When the Court reopened the case, it also appointed
counsel for Plaintiff.  The Court commends appointed counsel on
his willingness to serve the Court in this manner, and for the
quality of his representation.

359 (1989)(quoting Younger, 401 U.S. at 45).  Abstention in these
situations is based on "a proper respect for state functions, a
recognition of the fact that the National Government will fare
best if the States and their institutions are left free to
perform their separate functions in separate ways."  Younger, 401
U.S. at 45.

The Supreme Court has set out a three prong test for
determining whether Younger abstention is appropriate.  Under
this test, the district court should abstain when:

(1) there are ongoing state judicial proceedings,

(2) the proceedings implicate important state
interests, and

(3) there is an adequate opportunity in the state
proceedings to raise federal questions.

Middlesex County Ethics Committee, 457 U.S. at 432.  Although
Younger involved state criminal proceedings, the policies
underlying Younger are fully applicable to noncriminal judicial
proceedings, including administrative proceedings, where
"important state interests are vindicated, so long as in the
course of those proceedings the federal plaintiff would have a
full and fair opportunity to litigate his constitutional claim.
Ohio Civil Rights Commission v. Dayton Christian Schools, 477
U.S. 619 (1986).

Without question, the pending appeal in the Circuit Court
for Baltimore County is an ongoing state judicial proceeding.

3

Furthermore, the state police department's regulation of the
licensing of private detective agencies, pursuant to a state
licensing statute, certainly represents an important state
interest.  Plaintiff's argument against abstention focuses
predominately on whether he would be afforded a full and fair
opportunity to litigate his Federal claim in state court.

It is apparent from the record that Plaintiff's federal ADA
claim was fully litigated before Administrative Judge Reeves and
will be litigated again in the Circuit Court appeal.  Plaintiff
complains, however, that because of Defendants' error or delay,
Plaintiff did not receive the official notice of the
Administrative Judge's Proposed Order until after he had filed an
appeal of that decision.  After Plaintiff received the official
notice, he attempted to file exceptions to the Proposed Order,
only to be told that the exceptions could only be heard if he
dismissed his appeal.  Plaintiff asserts that he is now in the
position "where he cannot know whether he is awaiting a final
Order from the ALJ or whether that Order has in fact become
final, allowing an appeal."  Opp. at 6.

The Court does not see how this situation results in a
denial of the opportunity to fully and fairly litigate
Plaintiff's claims.  While Plaintiff may have a strategic
decision to make as to whether to continue to seek relief before
the Administrative Law Judge or to move on to the Circuit Court,

4

he certainly has options available in a state forum to litigate his claim.  Adding a third parallel proceeding in this Court can only complicate the matter further and would not be justified.

Accordingly, the Court will dismiss the action.[3]  A separate order will issue.

William M. Nickerson
United States District Judge

Dated: November 15, 1999.

---

[3]  Previously, this Court stayed this action.  At this stage in the proceedings, however, it is now clear the that proper course at this time is to dismiss the action.  See Gibson v. Berryhill, 411 U.S. 564, 577 (1973)("Younger v. Harris contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts.")

5